ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CHRISTIAN L. DEL ROSARIO<br><br>Apelado<br><br>v.<br><br>MIOSOTIS CAMACHO CRUZ<br><br>Apelante | TA2026AP00147 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2025CV06186<br><br>Sobre: Desahucio |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2026.

Comparece Miosotis Camacho Cruz ("señora Camacho Cruz" o "Apelante"), por derecho propio, mediante *Recurso de Apelación* y nos solicita que revoquemos una *Sentencia* emitida el 6 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud del aludido dictamen, el TPI declaró Ha Lugar la *Demanda de Desahucio* instada por Christian L. Del Rosario ("señor Del Rosario" o "Apelado") contra la señora Camacho Cruz.

Por los fundamentos que proceden, se *confirma* la *Sentencia* apelada.

**I.**

El 24 de noviembre de 2025, el señor Del Rosario, por derecho propio, presentó una *Demanda de Desahucio* en contra de la señora Camacho Cruz. Alegó que las partes suscribieron un contrato de arrendamiento, por un canon mensual de $700.00, el cual, al momento, se encontraba vencido. Sostuvo que le había solicitado a la apelante desalojar la propiedad, pero esta se negó. Por tanto, solicitó que se ordenara su desahucio.

Consecuentemente, el 4 de diciembre de 2025, la señora Camacho Cruz notificó una *Moción para Solicitar la Suspensión de los Procedimientos de Desahucio.* Expuso que, desde marzo de 2025, atraviesa dificultades

económicas, razón por la cual deseaba ahorrar con el fin de identificar una vivienda y garantizarle un hogar seguro a su hijo menor de edad. Alegó, además, que no existen pagos de arrendamiento pendientes. Por tanto, peticionó que se suspendieran o pospusieran los procedimientos, hasta que se lograra garantizarle una alternativa de vivienda a ella y al menor. En la alternativa, solicitó que se le relevara, por un periodo de un (1) año, del pago de un canon de arrendamiento, con el propósito de otorgarle una oportunidad de ahorrar.

El 16 de diciembre de 2025, se celebró la Vista de Desahucio en el cual testificaron ambas partes. Aquilatada la prueba, el 6 de febrero de 2026, el TPI dictó una *Sentencia* mediante la cual declaró Ha Lugar la *Demanda de Desahucio* presentada por el apelado. El foro de instancia formuló las siguientes determinaciones de hechos:

1. La parte demandante es dueña y arrendadora de una propiedad ubicada en Estancias de Cerro Gordo, Bayamón, PR.

2. Las partes suscribieron un acuerdo que venció en septiembre de 2025.

3. Luego del vencimiento del acuerdo, el demandante le notificó a la demandada que la renta sería de $800.00 y luego, de $750.00.

4. La demandada no estuvo de acuerdo con la nueva renta, por lo que el demandante le ofreció firmar un contrato por un breve término, por $700.00, para que en dos meses se fuera de la propiedad.

5. La parte demandada nunca firmó el nuevo contrato y ha estado pagando la cantidad de $700.00, porque entiende que la nueva renta debe ser asequible para ella, por la situación que enfrenta con su hijo.

6. Durante el transcurso del arrendamiento, la demandada hacía pagos parciales y/o tardíos.

7. Hasta diciembre de 2025, la demandada adeudaba $350.00, por los cánones vencidos.

8. Entre las partes no hay algún contrato de arrendamiento vigente ni otro título que justifique que la demandada permanezca en la propiedad.[1]

---

[1] SUMAC, Entrada Núm. 18, págs. 1-2.

Como consecuencia, le ordenó a la señora Camacho a desalojar la propiedad en un término de veinte (20) días y a pagarle al señor del Rosario la cantidad de $350.00, por concepto de los cánones vencidos, más intereses.

Inconforme, el 11 de febrero de 2026, la señora Camacho acudió ante nos, por derecho propio, mediante un *Recurso de Apelación*. La apelante le imputó al TPI la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia al convalidar una acción de desahucio sustentada en un patrón de represalias y ejercicio abusivo del derecho, en abierta violación a los principios de buena fe contractual y equidad. El foro primario omitió evaluar adecuadamente la secuencia probada de eventos como, la iniciativa de renovación por parte de la demandada, y aumentos sucesivos y desproporcionados del canon de arrendamiento en un corto periodo de tiempo y posterior radicación del desahucio, por parte del demandante. Esto, evidencia que la acción de desahucio no respondió a un incumplimiento real, sino a una conducta coercitiva y retaliatoria. Al validar el desahucio, el Tribunal erró en derecho con uso impropio del proceso judicial.**

> **Erró el Tribunal al emitir determinaciones de hecho basadas en un supuesto incumplimiento de pago inexistente, ignorando prueba documental pertinente y determinante que evidenciaba pagos realizados, acuerdos previos y comunicaciones escritas que contradecían las alegaciones del demandante. Asimismo, el foro primario rehusó evaluar dicha prueba y pasó por alto mociones debidamente fundamentadas, donde se incluían solicitud de suspensión de procedimientos y concesión de medidas provisionales que permitan permanecer en la propiedad sin obligación de efectuar pagos temporales, durante un periodo prudente, como mecanismo de protección económica destinado a garantizar un hogar seguro y adecuado para el menor. Sin embargo, el TPI privó a la parte demandada de una oportunidad efectiva de ser oída, en clara violación al debido proceso de ley y a los principios de justicia procesal.**

> **Erró el Tribunal de Primera Instancia al ordenar el abandono de la propiedad en un término de veinte (20) días, sin realizar análisis alguno sobre el impacto directo, emocional y social en el bienestar y la estabilidad de un menor de edad residente en la vivienda, ni considerar medidas provisionales menos onerosas. Esta omisión constituye un fallo sustancial que afecta derechos fundamentales protegidos por la Constitución del Estado Libre Asociado de Puerto Rico, la Ley de la Carta de los Derechos del Niño, y los deberes de diligencia e imparcialidad impuestos por la Ley de la Judicatura de 2003, resultando en una Sentencia arbitraria que amerita la intervención correctiva de este Honorable Tribunal de Apelaciones.**

El 19 de febrero de 2026, la parte apelada, por derecho propio, presentó su *Oposición a la Apelación*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

El desahucio es el medio que tiene el dueño o la dueña de un bien inmueble arrendado para que pueda recobrar la posesión de este, a través del lanzamiento o la expulsión del arrendatario o precarista que la mantiene sin pagar los correspondientes cánones. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 799 (2023). Véase, además: *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020). Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018).

Sobre el carácter sumario del desahucio, nuestro Tribunal Supremo ha expresado que ello responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad. *Ortiz Zayas v. ELA, supra; Cooperativa v. Colón Lebrón, supra,* a la pág. 820; *Adm. Vivienda Pública v. Vega Martínez, supra,* pág. 240; *ATPR v. SLG Volmar-Mathieu, supra.* Asimismo, el Tribunal Supremo ha expresado que: "la necesidad de que ocasionalmente el procedimiento sumario de desahucio se convierta en uno ordinario, no puede llevarnos a configurar una regla automática". *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* pág. 241.

Es doctrina general establecida por el Tribunal Supremo que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *CRUV v. Román, supra,* pág. 321. Bajo ese crisol doctrinario, si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. *Íd.,* pág. 322.

Como lo que se intenta recobrar en una acción de desahucio es la posesión, nuestro Más Alto Foro ha expresado que, en la acción sumaria de desahucio, se debe limitar la consolidación de otras acciones o defensas. *ATPR v. SLG Volmar-Mathieu, supra,* pág. 10. Cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra

prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago. Art. 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829. Sin embargo, en ocasiones, el Tribunal Supremo de Puerto Rico ha permitido la presentación de algunas defensas, siempre y cuando las mismas no desnaturalicen el espíritu del carácter sumario del proceso de desahucio. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749 (1987).

Una vez esgrimidas las defensas presentadas por el demandado, el juzgador deberá auscultar sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario. *Turabo Ltd. Partnership v. Velardo Ortiz, supra*, págs. 245-246. Es decir, más allá de sus alegaciones, el demandado debe demostrar con hechos específicos que se justifica convertir el procedimiento en uno ordinario. *Íd.*, pág. 247. De esta forma el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria, ya que el único pronunciamiento en la sentencia de desahucio sumario es si procede o no ordenar el desalojo. *Fernández & Hno. v. Pérez, supra*, pág. 248.

### III.

En el recurso que nos ocupa, la apelante sostiene que el TPI incidió al ordenar el desahucio de la propiedad en que reside con su hijo. Arguye que la acción de desahucio no respondió a un incumplimiento de pago, sino a coerción y retaliaciones. Manifiesta, además, que se le violó su derecho a un debido proceso de ley, debido a que el foro de instancia presuntamente se negó a evaluar prueba pertinente. Asimismo, alega que se debía tomar en consideración el impacto emocional y social que tendría el desahucio sobre su hijo menor de edad. Adelantamos que no le asiste la razón.

Según explicó la propia parte apelante en el recurso, el contrato de arrendamiento suscrito entre las partes venció el 7 de septiembre de 2025. Previo a renovarlo, el señor del Rosario le notificó a la señora Camacho Cruz que estaría aumentando la mensualidad de $700.00 a $800.00, a partir del 1 de diciembre de 2025. Sin embargo, la apelada le informó que no podría pagar el nuevo canon de arrendamiento, razón por la cual el señor Del Rosario propuso un canon de

$750.00. Nuevamente, la señora Camacho Cruz no estuvo de acuerdo con el aumento propuesto. Debido a ello, el apelado le proveyó la opción de suscribir un breve contrato, por un término de dos (2) meses, con un canon de $700.00, a los fines de otorgarle a la apelante la oportunidad de conseguir una nueva vivienda. A pesar de lo anterior, la señora Camacho no aceptó el acuerdo y se negó a desalojar la residencia, con pleno conocimiento de que no existía un contrato vigente.

Expirado el contrato de arrendamiento, la señora Camacho Cruz no ostenta ningún derecho a ocupar el inmueble del señor del Rosario. Como consecuencia, el apelado tenía completa libertad para solicitarle a la apelante el desalojo de su propiedad. Ello, independientemente de si la señora Camacho Cruz continuaba pagando los cánones de arrendamiento acordados en el contrato ya vencido. Le advertimos a la apelante que el apelado, con quien no comparte relación alguna, distinta a la de arrendador-arrendataria, no viene obligado a proveerle un hogar seguro. Así dispuesto, resulta forzoso concluir que el foro de instancia no incidió al ordenar el desahucio de la apelante.

### IV.

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se *confirma* la determinación apelada. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Bayamón, para la continuación del procedimiento de desahucio.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones